The situation that you encountered, we understand. Life happens like that. So we will move on in this way. Just a reminder that when you are talking about the record, you should cite the record. And please recall that rebuttal is for rebuttal only. Mr. LeBou, please remember that by speaking over the phone, it's really important to speak loudly and clearly. That's sort of always true, but it's particularly true when you're on the phone. So and you'll just need to, I guess, keep track of your time. You have 15 minutes and you can start now. Thank you very much, Your Honors. Thank you so much for accommodating my attendance issues and give me the opportunity to speak. I sincerely apologize for not being able to attend. I would also like to thank opposing counsel, Mr. Shadwick, for his courtesy and professionalism. Thank you, sir. Can everyone hear me OK? Yes. All right. Esteemed judges and members, may it please the court. My name is Jason LeBou and I represent the appellants, Michael and Lori Dubois. This case is about subject matter jurisdiction and more specifically, the amount in controversy requirement. Plaintiff Michael Dubois filed his lawsuit in Texas state court against the defendant banking entity and asserted claims relating to the servicing of his home equity loan. These claims sound in court. They are Texas debt collection violations, fraud, negligent misrepresentation and breach of a duty. The remedy for these claims is monetary damages. These monetary damages are governed and limited by a binding stipulation made by Mr. Dubois to an amount not to exceed seventy four thousand five hundred dollars. In his petition, Plaintiff did not see any kind. So let me ask you this. Even if he had not said I'm seeking less than seventy four thousand five. If we set aside this notion of the injunction and declaratory judgment and said that that's not in the mix, wouldn't Deutsche Bank still have to have proven that he was seeking more than seventy five rather than you all proving that you're seeking less? Yes. So the burden is on the defendant to prove that damages would exceed the seventy five thousand dollar limit. And to do that in their removal, all they did was attach a property valuation and said, well, the property's worth four hundred thousand. So there's your damages. It didn't address the claims themselves or the damages that might have resulted or attorney's fees or anything like that. In their notice of removal. Yes. So they would have had to. If we conclude that the absence of a plea for declaratory judgment or injunction means that the property value is not the determinative number, how would they have been able to prove the more than what would they have needed to do? Well, basically, they would have to look at each of the claims, look at the potential statutory damages and and then look at potential attorney fee amounts, you know, for cases of this type. And they would they would have to use basically summary judgment evidence to predict what kind of damages could be resulted. And frankly, I'm sorry. Go ahead. In fact, I don't think they can meet that burden, which is why it's subject to the approaching it this way, that your claims are related to fraud, misrepresentation and other matters all relating to one piece of property. That is the residence. Correct. And this one transaction and the one transaction is worth like four hundred and fifty thousand four hundred seventy five thousand dollars. So it seems to me that the that whatever claim whatever claim you make about the specific amount, the way you have framed your complaint is related solely to the value of the asset. And it could be as much as four hundred and seventy five thousand dollars because you have alleged fraud, misrepresentation or with respect to this one transaction. And if you succeed, it's going to be worth four hundred and seventy five thousand dollars to you. So, Your Honor, actually, if we succeed in our case, we don't get the lien voided. We don't get the contract rescinded. Nothing impacts this lien whatsoever at the end of this case. At the end of this case, that lien is still present. That contract still exists. The only thing this lawsuit does is we can get some money damages for these torts that were committed. I understand that, but it's all related to this one piece of property and one transaction. And all of the torts arise from that one transaction. And if you are successful, the damages are determined by the value of that one transaction because the effect of it is to I mean, whether it is the effect you seek or not. The effect of it is to nullify any obligation that you have to pay for that piece of property. Your Honor, actually, that's not the case here. If we were to go to trial and win, the result of that trial would not be avoiding a rescission of this contract. It would affect the contract none whatsoever. That's the whole point. How does it not affect the contract if you claim misrepresentation and fraud relating to the transaction on the property? So, it was not the origination of the contract itself. This all relates to servicing issues, right? In the course of the servicing of this loan, misrepresentations and fraud in Texas Debt Collection Act violations were committed. The other question I would like to clear up in my mind is you're pleading that alleges that you're entitled to relief under 392.403 included but not limited to recovery of all actual damages. In other words, you are saying you are not limiting your claim to the recovery of actual damages, that you are asserting relief for relief granted by the statute itself. I mean, the other relief that may be available under the statute, you're claiming that as well. Except that that claim is bound by a binding stipulation both in the lawsuit and that stipulation covers all damages. It's in the section. It's binding under Texas law and federal law that that stipulation by the plaintiff. Under the agreement that you've made, if they return damages for you for $450,000, you are going to say, I don't want it. Just write a check for $7,500. You're obligated to do that now? Absolutely, Your Honor. That is absolutely correct. All right. Do you have any other arguments? I can go forward with my presentation, but I think you guys have hit the nail on the head about the specific issues. I will say that, you know, on the face of the petition itself, there is no injunctive effective relief sought. The only way that any kind of, I guess, injunctive type argument gets raised is through this Texas Home Equity 736 provision.  Well, yeah, I wondered about that because Rule 736 says affirmatively that you all would have to file the fact that, so if the 736 was filed in the 191st District Court and your case was filed in the, you know, in Fort Worth instead of Dallas, let's say, how would the judge of the 191st even know about it without someone telling them? And so you would have had to file a document saying we're suing in Fort Worth. And having failed to do so, I think that ends it. I think the 736 can go on. Is that right? Under 736-11? No, Your Honor. What happens is that under Texas, we have the non-judicial and we have the judicial foreclosure. Because it's a home equity loan, you have to have a court-ordered foreclose. Now, that court order can be obtained in numerous ways. 736 is one of those ways. It's the expedited way where basically you file an application and the judge says yes or no, and that's it. And it specifically, in 735, it specifically says that the respondent or the borrower cannot assert any kind of claims regarding the foreclosure application. And that if he wants to do so, he has to do it in a separate proceeding. And so because of that, because they don't want – I'm asking specifically – I've done a lot of Rule 736 as a judge of the 191st in my prior life, so I'm well aware of that rule. So I'm asking specifically about that rule, which says that the debtor must file a motion to dismiss or vacate the 736 within a certain amount of time. And you all haven't addressed that. What happens if they don't? Then how is the judge of the 191st supposed to know about this other lawsuit? And haven't you waived the argument that the 736 is now mooted or put on hold or waived or thrown away? Correct. And that is true that you – I think you have to file within 10 days of filing the separate lawsuit. Right. 736.11c, within 10 days of filing suit, the respondent must file a motion and proposed order to dismiss or vacate with the clerk of the court, giving notice. If you fail to do that, don't you waive the ability to undo the 736? I believe so, yes, except that I think there's an additional provision in 736.11 that says as long as you give notice to the foreclosure attorney that a separate lawsuit has been filed, it says any foreclosure sale of a property is void, and that's 736.11d. But that doesn't explain how 11 – I mean, that's what I'm asking. How does C&D interact? I mean, that is a good question. I think courts have found that as long as the separate lawsuit was filed by 5 p.m., that the 736 foreclosure order can't go forward. The foreclosure itself cannot go forward. It's a void. But maybe that specific issue has not been litigated in the Fifth Circuit as far as I know. All right. But what you're saying is if you threw Rule 736 out the window, which was actually relatively new in my day, you can still file just a regular foreclosure, and that would not be barred by your lawsuit. That was the argument, right? That is absolutely correct, and that actually happened in this case, Your Honor. But while this lawsuit was pending, the defendant posted the property for foreclosure, and nothing stopped them. This lawsuit pending, this appeal pending did not stop them from being able to foreclose, and so they did exactly what they're allowed to do. They filed a counterclaim lawsuit. They got a foreclosure order, and they posted it for sale. We filed a separate action in state court and tweeted for a foreclosure injunctive relief and obtained an injunctive relief in state court, and that case is still pending in state court. Okay. All right. Anything else? No, Your Honor. I think you guys have the issues pretty well identified in hand, and so I'll reserve the rest of my time for rebuttal. Okay. Thank you. We'll now hear from you, Gavin, and you're allowed to unmask when you – Thank you, Your Honor. Hey, please, the court. I'm Jeff Shadwick. I represent the appellee, an entity that we call the trustee, so if I refer to the trustee, that's who we're talking about. Well, that was an interesting conversation, and I know you'll understand if I make sure that the court focuses first on the facts of this case. I'm happy to have a larger discussion about this. The fact is, as is Mr. LaBeouf, our two law firms are often opposite each other, us on the foreclosing side and him on the homeowner side, and so we – Pull that microphone up a little closer. Certainly. We thrust and parry back and forth on does the stipulation work and what if the stipulation said that? Do you have an answer then to the C versus D of 736.11? No. I haven't spent as much time on it in the last – Judge, I come to the law firm from the bench also on the 55th District Court. I did these things all day long. I never had that question raised with me. I think in most circumstances, and in this circumstance, the state court lawsuit was filed in time to adjoin us. And so if you just look at the statute Part A, 1136.11a, any proceeding – this order is automatically stated if a respondent files a separate original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination. Yeah, but you've seen C. I mean, me, if you didn't – I can understand at that moment a lot of it depends on kind of the timing and everything. But if – let's say that – which never happens, but let's say the bank files the foreclosure three months before the date that they want to file it, and then the debtor files their separate lawsuit, and then they don't file within 10 days any notice to the 55th District Court. I think the point – there's no purpose to 736.11c if that doesn't matter. Those may be the facts that we'll hear on next time. I'm also very interested in that topic, but it doesn't – You're saying it's unrelated here. Well, it's fun to talk about, but it's not related to these facts because of the way that this situation – They would be barred – it would be judicial estoppel for them to show up and – we'll just use the 55th because that's what you were on – the 55th District Court and file a notice under 736.11c, right? It didn't stipulate to that. We have to be careful about the way this stipulation was worded, and this goes to your question, Your Honor. The stipulation says that the amount of damages are $74,500, and it doesn't say the amount in controversy. And the jurisdictional question is what is the amount in controversy. That's what the statute says. The fact is, is that as you point out, Your Honor, you must have seen from my brief that under the finance code they asked for relief including but not limited to injunctive relief. And the fact that they've stipulated to the dollar portion of the relief they've asked for doesn't mean that they've backed off of the injunctive relief. Now, maybe the next lawsuit the stipulation is worded differently. Let's say what we're talking about next time that the next stipulation says that the amount in controversy is under $74,000 and not the amount of damages. I would object to that. The amount in controversy is a legal conclusion. It's a term of art. In an injunctive matter, the amount in controversy is the value of the home or maybe even the value of the – You are not affirmatively seeking the declaratory judgment and the injunction. And let's just assume, arguendo, that therefore you can't use injunction and declaratory relief dollars as your argument. Isn't it still your burden of proof to show 75 or plus rather than their burden of proof to show not 75 plus or under 75? Yes. Okay, so how would you meet that burden? Okay. Assuming, arguendo, that's where we are. We would do it in the way that we did it in this case. At the time that the lawsuit was filed, the 736 order had been entered, and the appellant's lawsuit enjoined by its mere filing the completion of that foreclosure. The injunctive relief was baked into the factual situation when diversity jurisdiction is determined. And so our notice of removal said that we have a foreclosure order, we have been enjoined, and here's the uncontroverted evidence of the value of the property. Did they file a 73611C in that – in your 736 case? The state court lawsuit was a separate lawsuit. They didn't file it in the 736. They filed a separate lawsuit. Okay, but they did not file a notice within 10 days of, look, we filed this other thing. Did they? I don't recall if that's in the record. You brought that up now in relation to 736C, so I'll have to go back and look. Okay. If you want us to go back and look for a record reference, I will. But you're asking me about our burden of proof. That's the question I'm trying to answer. Okay. All right. And we did address it in the notice of removal. The plaintiff's petition is some evidence of the amount in controversy, but it's not the sole evidence, particularly where, as we pointed out, there's no Rule 47 statement in the petition, so it's already not a good faith pleading in state court. And the amount in controversy isn't stated, just the amount of damages. And so we supplement the record. Yeah, but you're saying if they said amount in controversy, you would say that's a legal conclusion and throw that out. So you're saying that they can never keep you from removing the case. Right. Even when they really aren't – even when they're not seeking – let's put aside the 736 issue for a minute. Even if they're not trying to stop the foreclosure, but they just want to recover damages for some wrongdoing you did, I don't understand why that isn't your burden to show. Like, if you just had a car wreck between a Louisiana citizen and a Texas citizen, that alone isn't enough to say, oh, it's more than 75,000. You need something that would show. I mean, if someone died, maybe that's clear, something like that. I agree. But how do we know it's more than 75,000 just because we say there's a car wreck between a Louisiana citizen and a Texas citizen? If we were here under a set of facts where the injunction had not already occurred by operation of law, and no one had asked for an injunction yet, and they had not asked to stay an injunction. In other words, they hadn't even pled that finance code. I'll bet in the next petition they don't have that in there. And we're just here under a fraud case on a debt collection matter. Then we'd be making the argument that you're suggesting. We would have the burden of proving that it's something else just like any other diversity situation. And the case law says that it's summary judgment type evidence. The diversity amount in controversy says that the district court can make a finding about the amount in controversy. And in this case, that's exactly what this district court judge did. The district court judge found the judge's memorandum of opinion and order at record page 136 made a finding at page 139 about the existence of the foreclosure order preceding this. And so the injunction was already in place. And the amount in controversy is uncontested. Counsel, what was the value of the lien on the date of removal? I'm going to do this from memory. It was in the mid-$200,000 range. Is that in the record? I didn't see it attached to this. The amount of the lien is in the record. I just don't remember it standing here. Is it attached to the notice of removal? I'll have to look. Suppose they recovered on all of their state law claims. Yes. Would it do anything to undermine the lien? I think not. I think on this, Appellant's counsel is correct that having stipulated that their damages are $74,500, they're limited to that. Now, if they subsequently said, as an additional relief, we want the lien set aside, then at that point I'd find myself arguing that that stipulation is more expansive than the words appear to be. So if the lien can't possibly be undone based on the petition that they filed in state court and the lien is less than $474 or whatever thousand dollars you said in your notice of removal, how is $474,000 the amount in controversy? Because the bank or the trustee, as you call them, is always going to get its lien back or at least have a contractual obligation to get its lien paid. Well, what it's always going to have is federal diversity jurisdiction, and that's the question here. Because unless you want to change the law, you're the Fifth Circuit. You can do it if you want to. But the case law so far has been that in a foreclosure action, the value of the property is the amount in controversy. And I'm asking you, how is it in controversy? At no point is the lien going to go away. At no point are they seeking anything more than $74,500. And so how is – I'm not even getting into what you said in the notice of removal, which is that the amount in controversy is actually $400. Let's just make it easy. Let's try to say that the whole lien is in controversy. How? It's not – there's nothing that they've pledged that could possibly do anything to affect it. And that's where the injunction comes in, and that's where the case law related to injunctions come in, because the trustee is having his rights with respect to that property that has a certain value altered. For some period of time. But at no point – I mean, you would have to – in order to make the 200 number work, you would have to show that the injunction is somehow going to vitiate the lien from 200 to zero, right? I mean, you're in this business. You understand the time value of money. If the injunction on the foreclosure stays in place for, say, two weeks, well, then you would get two weeks of money damages. That would be the amount in controversy for that – that would be the value of that injunction would be two weeks of interest payments or late payments or penalty payments or however you have the contract. I understand what you're saying, Judge. That just isn't the case law. And I'm asking you why. Well, it's because it's the difference between the amount in controversy and the amount of damages. And I think the court's questions are focused on but don't you have different damages? Isn't the time value of money the damage? Isn't the equity in the property the measure of a damage somehow or something else? And that's not the test because whenever the amount of controversy is considered, it's what is the – it's different when it comes to injunctive relief, declaratory rights. There's all sorts of case law from every jurisdiction that there is that the amount in controversy isn't the dollar sign that's represented by the damages. But we have to determine at the time of removal what is the amount in controversy as a matter of federal law. Right. And I can't understand how it can be anything more than the damages that the plaintiff stipulated to cap the suit at if the lien can never be affected. It's just because – it's just because the damages are not what amount in controversy is. Do attorneys – I'm not here to – If a plaintiff had a claim for attorney's fees, would that count for the amount in controversy? Yes. In which case does that? Well, damages are also an amount in controversy, but let's say they ask for no damages at all. The amount in controversy is still the value of the home where we are enjoined from foreclosure. I'm not going to back away from the case law. I come armed with certain things. That's the one I'm armed with. That part is settled. And like I say, you're the Fifth Circuit. You can do what you want with that case law, but that is the case law right now. And it's because that the bank's rights are affected with respect to that foreclosure. We have an order. The Rule 736 injunction does not stop you from seeking foreclosure. No. It stops you from that methodology, which, as you know – I'm sure you were practicing before 736 came along. There are three. Or maybe you were, maybe you weren't, but you know about it. There's other ways to get foreclosure besides 736. That was just a methodology thrown out there to make it easier. Right, and there are three methods to foreclosure. 736, there's a judicial foreclosure, and then there's a non-judicial foreclosure. But that's not the question either. We have our facts baked into this case, which is that we had a 736 action that was on file, and we were stopped from foreclosing. Okay, well, you still have my 11C question. That's okay. I didn't get a good answer on it. But one point – I'm sorry. One point I do want to make, though, is that jurisdictional facts are determined at the time of the removal. And whether we could have or did – in fact, we did – superjudicial foreclosure once we got into the federal court doesn't matter. Well, it could if the question is whether you are truly enjoined or whether you are just enjoined from one of your methods. Then I think it could be relevant whether there's some other method. You know, even putting aside the excellent question Judge Oldham had about why the injunction is the value of the whole lien or the value of the whole property, you know, putting that aside and assuming the argument of it is, you don't have a pure injunction the way you do when you just walk into court and the court says you cannot foreclose anywhere. That's a different injunction than a 736 injunction. Right. 736 doesn't mean you can't do something else. It's a good point, and the answer to it is that federal jurisdiction is determined at the time of removal. The fact that we can do something later is beside the point. The fact is, is that as of the time of the removal, we had the right to foreclose because we had a 736 order and it was enjoined. Okay. All right, let me ask you a different question. You know, Rule 47 of the Texas Rules of Procedure requires certain stating of amounts of damages being sought that's used largely to fuel the discovery orders and everything like that. Is there anything about that rule that prevents a party from asking for a different amount or saying that they're seeking a different amount than the amounts spoken in 47? I think not. Okay. So there's nothing that would make it illegal or improper for them to have pled the 745 or only seeking 745. Whatever the relevance to the removal is, they could say that if they wanted to. I think so. Okay. There was the case that I cited to the court from the Northern District where he found that because they didn't use Rule 47 at all, that the pleading wasn't filed in good faith. That may be true. I teach pretrial procedure at U of H Law School, and I tell my students don't forget Rule 47. The fact is if they forget Rule 47, there's a special exception filed. The trial judge makes them amend their pleading. They comply with Rule 47. Yeah, I mean I've never heard this thing that it's somehow a horrible event if you use a different – I mean, for example, if they're telling you, say, are you seeking less than 250,000 and you say you're seeking less than 74,500, I don't think the trial court's going to have any trouble doing that math. I realize lawyers aren't very good at math, but that's a pretty easy one. So what would know to put it in bucket one on the discovery? I find it – being a more substance over form person, I find it to be more of a technical compliance. I felt as an appellate attorney it was my duty to let the court know about that case law. And after all, I'm trying to poke as many holes as I can at the plaintiff's pleadings. But no, to be honest, Judge, I feel like that's a flaw that can be remedied or overlooked pretty simply. I think had there been a Rule 47 statement and a stipulation that that would have been the perfect pleading and that the stipulation would have governed. Now, the stipulation still doesn't talk about the amount of controversy. I'm not giving up that point, but I'm going along with you then, just talking lawyer to lawyer. If they said the only thing we are seeking is damages no more than $74,500 and we are seeking nothing else, would that be enough of a statement of the amount of controversy? Yeah, I like that a lot more as a stipulation. But you would still have the problem that the mere filing of the lawsuit by statute acts as an injunction. And so you can't stipulate your way out of a statute. I suppose you could waive it somehow, but don't we get to rely on it too? See, let's go back to the three ways of foreclosing in Texas. There's Rule 736. There's a judicial foreclosure. I file a lawsuit. I sue to accelerate the debt. I sue to foreclose. And there's no injunction about that. I would have to seek a foreclosure order. They would have to seek an injunction if I wanted to try. But the third method is a nonjudicial foreclosure, just like selling anything else, a personal property. It's actually available in Texas law. You can nonjudicially foreclose. The problem is that with a homestead, the Texas Constitution says that you have to have a court order. And so instead of suing on a note or a lien or something, you just go sue for declaratory relief. You get an order that says you get to foreclose, and off you go. And cases that can come to the federal court for diversity jurisdiction with an amount of controversy could come up under any one of those three paths, any one of three having a differently expressed stipulation. And there are so many different fact patterns that could come up here that that's why I feel as an advocate I need to close by reminding the court that I have my set of facts here. I have a petition that sought, despite the stipulation, the statute they cited, injunctive relief was available, that the filing of the lawsuit that they filed did act as an injunction. And in injunctive relief, the case law squarely from the Fifth Circuit and every place else says that the amount in controversy is the value of the property. I have unrebutted testimony as to the amount in controversy and the district court finding that I've met diversity jurisdiction for both of those two reasons. And I just, I don't want to walk away from the fact that under these facts, I think the remand was properly denied and that the district court acted appropriately. OK, thank you for your argument. And I'll let you sit down and then we'll call your opponent. All right, Mr. LaBeouf, your rebuttal. Judge, honestly, I don't think there's anything that we haven't really already addressed. I think I would just be talking circles at this point. So I'm going to leave the decision up to the court. OK, my colleagues, Judge Jolly, Judge Oldham, you have any further questions for Pete Pella? No, I would compliment the lawyer for recognizing he doesn't have to say anything if he doesn't have anything to say.  Thank you, Your Honor. OK, well, and we were glad that we were able to and we appreciate Ms. Engelhardt putting together this telephone attendance for you because I recognize that you just had a really difficult time with the plane and we totally respect the situation. We also respect that Mr. Shadwick was here in person, which is why we wanted to go ahead and proceed with the argument. And I think it went just fine. So thank you both. That concludes that argument today and all of our arguments today. And we will be back in session tomorrow at 9 a.m. Thank you.